1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

ALLAN THOMAS ROCKWELL,

Case No. 1:22-cv-00392-JLT-EPG

12

Plaintiff,

13

v.

14

TUOLUMNE COUNTY, CALIFORNIA,
et al.,

15
16

Defendants.

17

FINDINGS AND RECOMMENDATIONS
RECOMMENDING THAT PLAINTIFF'S
REQUEST FOR ENTRY OF DEFAULT BE
DENIED

(ECF No. 37.)

OBJECTIONS, IF ANY, DUE WITHIN
FOURTEEN (14) DAYS

18
19
20
21
22
23
24

Plaintiff Allan Thomas Rockwell ("Plaintiff") is proceeding pro se in this action against
Tuolumne County, Michael Choate, Denise Choate, and Melissa Brouhard. (*See* ECF No. 1.) On
June 29, 2022, Plaintiff filed a request for entry of default against Defendants Tuolumne County
and Melissa Brouhard ("Defendants"). (ECF No. 37.) Defendants filed an opposition to the
request on July 6, 2022. (ECF No. 39.) For the following reasons, the Court recommends that
Plaintiff's request be denied.

### I.    LEGAL STANDARDS

25
26
27
28

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment
for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown
by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a

default will be entered, the clerk must be satisfied from the request and accompanying

documentation that: 1) the defendant has been served with the summons or has agreed to waive

serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to

file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire*

*and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii*

*Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v.*

*Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a

defendant unless the plaintiff has properly served the defendant.").

 Federal Rule of Civil Procedure 4 governs service of the summons and provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>> (2) doing any of the following:
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>>> . . .
>
> (j) Serving a Foreign, State, or Local Government.
>> (1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.
>> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(e), (j). California law, in turn, permits service by personal delivery as well as

substitute service on an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served ... a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent

1
2
3
4

     member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

5
6
7
8

Cal. Code Civ. Proc. § 415.20(b); *see also* Cal. Code Civ. Proc. § 415.10. California law further permits service on public entities by delivering a copy of the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body. Cal. Code Civ. Proc. § 416.50.

9

**II.     DISCUSSION**

10
11
12
13
14
15
16
17

     Plaintiff filed the complaint on April 4, 2022, and the summons issued on April 5, 2022. (ECF Nos. 1, 2.) On April 25, 2022, Plaintiff filed a First Amended Complaint. (ECF No. 5.) On May 12, 2022, Plaintiff filed four proofs of service stating that the summons and complaint were left with " 'EVA' APS" and "'LEAH' Tuolumne County Counsel" on April 15, 2022, and with Michael Choate on April 18, 2022. (ECF No. 12.) Plaintiff also filed four proofs of service stating that the First Amended Complaint was sent to each of the Defendants by U.S. Mail on May 5, 2022. (ECF Nos. 13.) On June 21, 2022, Defendants Tuolumne County and Melissa Brouhard filed a motion to dismiss the First Amended Complaint. (ECF No. 24.)

18
19
20
21
22
23
24

     The Court will recommend that Plaintiff's request for entry of default be denied because Plaintiff has not demonstrated that Defendants were properly and successfully served with the summons.[1] Plaintiff's proofs of service do not describe the address where service occurred on Defendants, and the descriptions of the individuals served are unclear as to their identities, positions, and authority to accept service on behalf of Defendants. To the extent Plaintiff attempted to serve Defendant Melissa Brouhard by substitute service under California law, he has not provided an affidavit setting forth the facts establishing reasonable diligence. *See Long v.*

25
26
27
28

---

[1] Defendants Tuolumne County and Melissa Brouhard argue that default is inappropriate because Plaintiff improperly served the First Amended Complaint. (*See* ECF No. 39 at 3.) Specifically, Defendants contend that the First Amended Complaint should have been "hand served" under Rule 4 rather than mailed to them, but do not cite any authority for this proposition. (*Id.*) However, because Plaintiff must establish that Defendants Tuolumne County and Melissa Brouhard were properly served with the *summons* and not just with the operative complaint, the Court declines to address whether service of the First Amended Complaint was proper.

1  *McAfee,* 2019 WL 6840388, at *4 (E.D. Cal. Dec. 16, 2019) ("[I]f substituted service is attempted

2  under Code of Civil Procedure § 415.20(b), the facts establishing reasonable diligence must be set

3  forth in an affidavit, pursuant to Code of Civil Procedure § 417.10."). Thus, it is unclear whether

4  there was adequate service under Federal Rule of Civil Procedure 4 and California law.

5       Further, Defendants have now appeared and filed a response to the First Amended

6  Complaint. (*See* ECF No. 24.) The motion to dismiss was filed approximately one month after

7  Plaintiff contends Defendants' response was due. (*See* ECF Nos. 24, 37.) Under these

8  circumstances, and in light of the uncertainty regarding whether service was proper as well as the

9  Court's policy favoring decisions on the merits, the Court finds that entry of default judgment

10  against Defendants is not warranted and recommends that any failure to timely respond be

11  excused. *See Barefield v. HSBC Holdings PLC,* 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019)

12  (reasoning that the filing of a late answer is analogous to a motion to vacate default and the court

13  may excuse the default for good cause); *accord McMillen v. J.C. Penney Co., Inc.,* 205 F.R.D.

14  557 (D. Nev. 2002).

15      **III.**    **CONCLUSION AND RECOMMENDATION**

16       In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's request for

17  entry of default against Defendants Tuolumne County and Melissa Brouhard (ECF No. 37) be

18  denied.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2022**                        /s/ *Erica P. Grosjean*
                                                       UNITED STATES MAGISTRATE JUDGE