UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN THOMAS ROCKWELL, | Case No. 1:22-cv-00392-JLT-EPG |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR PERMISSION TO E-FILE |
| TUOLUMNE COUNTY, CALIFORNIA, et al., | (ECF No. 36) |
| Defendants. | |

Plaintiff Allan Thomas Rockwell ("Plaintiff") is proceeding pro se in this action against Tuolumne County, Michael Choate, Denise Choate, and Melissa Brouhard ("Defendants"). (*See* ECF No. 1.) Before the Court is Plaintiff's request that he be allowed to use the CM/ECF system to file documents electronically in this case. (ECF No. 36.) Specifically, Plaintiff requests that Heather Schoon, his "Power of Attorney/Attorney-in-Fact," be allowed to e-file documents on his behalf for this case because Plaintiff is incarcerated and it is a hardship for Ms. Schoon to travel to his place of detention to obtain Plaintiff's signature and then to Fresno for each filing. (*Id.*)

Under the Court's Local Rules, pro se parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion[ ] setting out an explanation

1

of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held." Local Rule 133(b)(3). It is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).

Plaintiff has not provided a sufficient explanation to deviate from the rule that pro se parties must file documents conventionally and may not utilize electronic filing. The Court is concerned that an individual who is not an attorney and is not a party to this case would be electronically filing documents on Plaintiff's behalf.[1] Further, under the Local Rules, "[d]ocuments filed conventionally may be filed via mail or in person" and Plaintiff may therefore submit documents by mail without traveling to Fresno. *See* E.D. Cal. L.R. 101. Likewise, if Plaintiff needs additional time to comply with the Court's deadlines, he may file a request for an extension along with an explanation of why he believes an extension is appropriate.

\\\
\\\
\\\
\\\
\\\

---

[1] On June 29, 2022, Plaintiff filed a motion requesting an extension of time to respond to the Court's pending order to show cause. (ECF No. 35.) The Court granted the requested extension on July 1, 2022. (*See* ECF No. 38.) On July 12, 2022, Defendants Denise Choate and Michael Choate filed objections to Plaintiff's motion noting that Plaintiff's filing was not signed by Plaintiff and was instead signed by Ms. Schoon as Plaintiff's power of attorney. (ECF Nos. 41, 42; *see also* ECF No. 35.) Plaintiff's motion for permission to file electronically also states that Ms. Schoon "was instructed by the Court's clerk to sign the document as PLAINTIFF's P.o.A. in order to submit the document on time." (ECF No. 35 at 3.) The motion describes Ms. Schoon's difficulties traveling to Plaintiff's place of incarceration to obtain Plaintiff's signature, which indicates that Ms. Schoon may be preparing documents on Plaintiff's behalf. (*See id.*) As the Court has repeatedly advised Plaintiff, a non-attorney may not appear on behalf of a pro se party and "[a] power of attorney document is not a license to engage in the unauthorized practice of law." *Taylor v. McDougall,* 2020 WL 7232535, at *3 (W.D. Wash. June 12, 2020). (*See* ECF Nos. 8, 17.) Additionally, Local Rule 183 requires that an individual appearing pro se must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Thus, unless Plaintiff retains an attorney, Plaintiff **himself** must prepare and sign any subsequent filings with this Court. A non-attorney may not sign, act, or appear on his behalf, even under a power of attorney. *Arzamendi v. Wells Fargo Bank, N.A.,* 2018 WL 4616345 (E.D. Cal. Sept. 24, 2018) (citations omitted); *Lomax v. City of Antioch Police Officers,* 2011 WL 4345057, at *3 (N.D. Cal. Sept. 14, 2011) ("California courts have clearly rejected the proposition that the statute confers upon one holding a power of attorney the authority to provide legal representation to others[.]"); *Drake v. Superior Ct.,* 21 Cal.App.4th 1826, 1831 (1994) ("[N]othing in the language of [California's Statutory Form Power of Attorney Act] allows the agent to undertake such functions as preparing legal pleadings and arguing matters before a judge or jury.") (citation omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for permission to file electronically (ECF No. 36) is DENIED.

IT IS SO ORDERED.

Dated:   **July 13, 2022**                                  /s/ Erica P. Grosjean
                                                                               UNITED STATES MAGISTRATE JUDGE