1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    ALLAN THOMAS ROCKWELL,                    Case No.  1:22-cv-00392-JLT-EPG

10                 Plaintiff,

11        v.                                   ORDER DIRECTING PLAINTIFF TO SERVE
                                               ALL PARTIES WITH PLAINTIFF'S
12   TUOLUMNE COUNTY, et al.,                  OBJECTIONS TO ALL MAGISTRATE
                                               JUDGE'S FINDINGS AND
13                 Defendants.                 RECOMMENDATIONS AND MOTION TO
                                               DISQUALIFY FEDERAL MAGISTRATE
14                                             JUDGE ERICA P. GROSJEAN

15                                             (ECF No. 52)

16
           On July 26, 2022, Plaintiff Allan Thomas Rockwell ("Plaintiff") filed objections to the
17
     Court's July 14, 2022 findings and recommendations and a motion to disqualify. (ECF No. 52;
18
     *see also* ECF No. 43.) Plaintiff also attaches a proof of service stating that the filing was mailed
19
     to the Court but not to Defendants Tuolumne County, Michael Choate, Denise Choate, and
20
     Melissa Brouhard ("Defendants"). (*See id.* at 4.)
21
           Federal Rule of Civil Procedure 5 provides, in relevant part:
22

23         (1) *In General.* Unless these rules provide otherwise, each of the following papers
           must be served on every party:
24                                           . . .
25         (D) a written motion, except one that may be heard ex parte; and

26         (E) a written notice, appearance, demand, or offer of judgment, or any similar
           paper.
27   ///

28   ///

                                                  1

Fed. R. Civ. P. 5(a). Additionally, Local Rule 135 states:

**(a) Service of Electronic Documents.** "Service" as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these Rules. "Notice of Electronic Filing" is a notice automatically generated by CM/ECF at the time a document is filed with the system. This Notice will constitute automatic service of the document on all others. This Notice will set forth the time of filing, the name of the parties and attorney(s) filing the document, the type of document, the text of the docket entry, the name of the parties and/or attorney(s) receiving the notice, and an electronic link (hyperlink) to the filed document that allows recipients to retrieve the document automatically. Service via this electronic Notice constitutes service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49.

**(b) Conventional Service.** If persons are not registered for the CM/ECF system, e.g., prisoners or pro se parties, the Notice will identify the persons who were not electronically served. Persons who were not electronically served must be conventionally served. Counsel shall serve these persons in accordance with the appropriate Federal Rules of Procedure.

**(c) Proof of Service for Paper Documents.** When service of any pleading, notice, motion, or other document is required under Rule 135(b), proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed. Except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Proof of service shall be under penalty of perjury and shall include the date, manner and place of service.

**(d) Service Upon All Parties.** Unless a party expressly waives service, copies of all documents submitted to the Court shall be served upon all parties to the action, except that no service need be made upon parties held in default for failure to appear unless the document involved asserts new or additional claims for relief against such defaulting parties. See Fed. R. Civ. P. 5(a).

E.D. Cal. L.R. 135(a)-(d).

Plaintiff is thus required to serve copies of all documents filed with the Court on

Defendants. Rule 5 explains how such documents are to be served:

(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) *Service in General.* A paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address—in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b).

Here, Defendants Tuolumne County and Melissa Brouhard are represented by counsel and registered for filing through CM/ECF. Therefore, these defendants receive electronic service upon filing. However, Defendants Denise Choate and Michael Choate are proceeding pro se and are not registered for the CM/ECF system. Thus, Plaintiff is required to conventionally serve Defendants Denise Choate and Michael Choate with each document submitted to the Court.

Because the proof of service attached to Plaintiff's objections and motion for disqualification states that Defendants Denise Choate and Michael Choate have not been served, the Court will direct Plaintiff to serve them with his objections and motion and to file a proof of service with the Court.[1] Plaintiff is further reminded that all future documents submitted to the Court must be served on all parties pursuant to Rule 5 and Local Rule 135.

Accordingly, IT IS HEREBY ORDERED that, within seven (7) days of service of this order, Plaintiff shall serve Defendants Denise Choate and Michael Choate with copies of his Objection to All Magistrate Judge's Findings and Recommendations and Motion to Disqualify Federal Magistrate Erica P. Grosjean (ECF No. 52) and shall file a proof of service with the Court.

IT IS SO ORDERED.

Dated:   __July 27, 2022__                    ___/s/ Erica P. Grosjean___
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] As explained in the Court's July 14, 2022 findings and recommendations, Defendants may file a response to Plaintiff's objections within fourteen (14) days of service. (ECF No. 43.) *See also* Fed. R. Civ. P. 6(d).