**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLAN THOMAS ROCKWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00392-JLT-EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>ORDER DENYING REQUEST TO DISQUALIFY MAGISTRATE JUDGE<br><br>(Docs. 37, 43, 51, 52) |

　　Allan Thomas Rockwell, proceeding *pro se*, filed this lawsuit on April 4, 2022. (Doc. 1.) Plaintiff thereafter requested entry of default against Defendants Tuolumne County and Melissa Brouhard. (Doc. 37.) The assigned magistrate judge found Plaintiff failed to demonstrate that Defendants Tuolumne County and Melissa Brouhard were properly served under Federal Rule of Civil Procedure 4 and California Law and recommended that Plaintiff's request for entry of default be denied. (Doc. 43 at 3.) The Court granted Plaintiff 14 days to object to the Findings and Recommendations. (*Id.* at 5.) On July 27, 2022, Plaintiff filed objections to the magistrate judge's findings and recommendations. (Doc. 51.) In addition to Plaintiff's objections, Plaintiff requests that United States Magistrate Judge Erica P. Grosjean be disqualified and that the Court "rescind consent for a magistrate judge to hear the case." (*Id.* at 4.)

　　Regarding disqualification, Plaintiff argues that the magistrate judge should be disqualified

1

because the reasoning and conclusions contained within orders she entered in this case demonstrate a bias against Plaintiff.  However, having carefully reviewed the entire record, the Court concludes that the magistrate judge's orders simply reject Plaintiff's legal positions and procedural moves as incorrect or unlawful.  Plaintiff's disagreement with these conclusions is not a valid basis for disqualification.  *See Raiser v. City of Temecula*, No. EDCV 19-01465-DSF (KK), 2020 WL 1937883, at *2 (C.D. Cal. Jan. 7, 2020) ("Plaintiff's mere disagreement with a ruling or even a court's error (if there is one) does not transform that ruling into basis for disqualification.").

To the extent Plaintiff is suggesting that this matter is being treated as one in which any party has "consented" to have the magistrate judge rule on dispositive matters, Plaintiff is mistaken.  Even absent consent from all parties, which has not been obtained, the assigned magistrate judge may still perform various roles as set forth in the Local Rules of the Eastern District of California.  *See, e.g.*, Local Rules 302, 303.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 14, 2022 (Doc. 43) are **ADOPTED** in full.
2. Plaintiff's request for entry of default (Doc. 37) is **DENIED**.
3. Plaintiff's motion to disqualify (Docs. 51, 52) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 12, 2022**

UNITED STATES DISTRICT JUDGE