UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN THOMAS ROCKWELL, | Case No. 1:22-cv-00392-JLT-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT MICHAEL CHOATE'S MOTION TO DISMISS BE GRANTED IN PART; DEFENDANT DENISE CHOATE'S MOTION TO DISMISS BE GRANTED IN PART; DEFENDANTS TUOLUMMNE COUNTY AND MELISSA BROUHARD'S MOTION TO DISMISS BE GRANTED IN PART; AND THAT DEFENDANTS MICHAEL CHOATE AND DENISE CHOATES' REQUESTS FOR JUDICIAL NOTICE BE DENIED |
| v. | |
| TUOLUMNE COUNTY, *et al.*, | |
| Defendants. | |
| | (ECF Nos. 18, 19, 24). |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Allan Thomas Rockwell ("Plaintiff") proceeds *pro se* in this civil rights action initiated on April 4, 2022. (ECF No. 1). Before the Court are motions to dismiss filed by Defendants Denise Choate, Michael Choate, Tuolumne County and Melissa Brouhard. (ECF Nos. 18, 19, 24). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the following reasons, the Court will recommend that Defendants' motions be granted in part, that Defendant Denise Choate, Michael Choate, and Tuolumne County be terminated, and leave to amend be given only regarding Plaintiff's claims against Defendant Brouhard.

## I.      BACKGROUND

This case primarily arises from an elder abuse investigation conducted by Defendant Tuolumne County concerning an individual under Plaintiff's care, and the subsequent criminal trial that resulted in Plaintiff's conviction.

Plaintiff filed his First Amended Complaint on April 25, 2022. (ECF No. 5).[1] Plaintiff alleges that Defendants Michael and Denise Choate, two private citizens, acted in "concert" with Defendant Tuolumne County and Defendant Melissa Brouhard ("Brouhard"), a Tuolumne County Adult Protective Services employee, to deprive Plaintiff of constitutionally protected rights throughout the investigation and criminal trial. Further, Plaintiff alleges numerous state law tort claims generally related to violations against Plaintiff's person or property caused by Defendants' negligent or willful misconduct.

On May 24, 2022, Ms. Choate filed a motion to dismiss all claims as well as a request for judicial notice. (ECF No. 18). On the same day, Mr. Choate filed an identical motion and request.[2] (ECF No. 19). Plaintiff filed an opposition to those motions on June 14, 2022. (ECF No. 22). Mr. Choate filed a reply to Plaintiff's opposition on June 23, 2022. (ECF No. 30).[3]

On June 21, 2022, Defendants Tuolumne County and Brouhard filed a motion to dismiss all claims asserted against them.[4] (ECF No. 24). On July 8, 2022, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 40). Defendants Tuolumne County and Brouhard filed a reply on July 22, 2022. (ECF No. 49).

---

[1] Plaintiff's first amended complaint was also brought on behalf of G.A.R, a minor. On July 29, 2022, the Court issued findings and recommendations recommending that all claims brought on behalf of G.A.R. be dismissed without prejudice on the ground that Plaintiff has no authority to proceed on G.A.R.'s behalf. (ECF No. 55). On October 13, 2022, District Judge Jennifer L. Thurston issued an order adopting the Court's findings and recommendations, and dismissing all claims brought on behalf of G.A.R. without prejudice. (ECF No. 74). As such, because Count II only alleges a claim by G.A.R. against Defendant Brouhard, Count II has been dismissed without prejudice.

[2] The only difference being that each motion refers to either "Michael Choate" or "Denise Choate" as the relevant defendant.

[3] Ms. Choate also filed a reply on June 23, 2022. (ECF No. 29). However, Ms. Choate's filing only contained a proof of service.

[4] On June 29, 2022, Plaintiff filed a request for entry of default against Defendants Tuolumne County and Brouhard. (ECF No. 37). On July 14, 2022, the Court issued findings and recommendations recommending that Plaintiff's request be denied because Plaintiff failed to demonstrate that Defendants were properly and successfully served with the summons. (ECF No 43). On October 13, 2022, District Judge Jennifer L. Thurston issued an order adopting the Court's findings and recommendations and denying Plaintiff's request for entry of default. (ECF No. 75).

A hearing on the motions was held on July 29, 2022. (ECF No. 54). Plaintiff appeared telephonically. (*Id.*) Austin Turner appeared telephonically on behalf of Defendants Tuolumne County and Brouhard. (*Id.*) Mr. and Ms. Choate, proceeding *pro se*, also appeared telephonically. (*Id.*)

## II.   PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.  Factual Background

The amended complaint describes Plaintiff's relationship with his elderly uncle, Patrick Thomas Oliver ("Oliver"), and the circumstances under which Plaintiff began to care for Oliver in June 2019. (ECF No. 5, p. 7-11). According to Plaintiff, Oliver appointed Plaintiff as Power of Attorney, and Plaintiff "administered expenses for [Oliver's] benefit." (*Id.* at 9-10). At some point, Oliver came to live with Plaintiff at Plaintiff's residence. (*Id.* at 8). Around that same time, Plaintiff allowed Mr. and Ms. Choate to stay at his residence as temporary house guests. (ECF No. 5 at 11). Plaintiff contends that Mr. and Ms. Choate began "grooming [Oliver] to turn [Oliver] against Plaintiff." (*Id.* at 12).

On April 6, 2020, Plaintiff received a phone call from Defendant Brouhard, a Tuolumne County Adult Protective Services employee. (ECF No. 5, p. 13). According to Plaintiff, Defendant Brouhard instructed Plaintiff that he should not return to his residence or contact Oliver and that his Power of Attorney authority had been revoked. (*Id.*) Plaintiff states that he never received written notification that his authority as Power of Attorney had been revoked. (*Id.*) Further, Plaintiff claims he was unlawfully evicted during this phone call because Defendant Brouhard told Plaintiff that he would be arrested if he returned to the residence, and at the time, there was a state-mandated moratorium on evictions. (*Id.* at 1, 13-14). Plaintiff alleges that Defendants Tuolumne County and Brouhard failed to fully and properly investigate the false allegations against Plaintiff. (*Id.* at 30).

Prior to receiving the phone call from Defendant Brouhard, Plaintiff believed that Mr. and Ms. Choate vacated the residence. (ECF No. 5, p. 14). However, he learned through a third-party who had spoken with Ms. Choate that Adult Protective Services had requested that Mr. and Ms. Choate stay with Oliver until he was placed in new housing. (*Id.* at 14-15). Plaintiff alleges that during the period Mr. and Ms. Choate cared for Oliver at the residence, Mr. and Ms. Choate

invaded Plaintiff's private space and destroyed many of Plaintiff's personal belongings. (*Id.* at 15). Further, Plaintiff claims that starting on April 7, 2020, Mr. and Ms. Choate "began to regularly slander, defame, and intimidate Plaintiff with false, misleading, and distorted statements on Facebook in a long term and ongoing negative distortion campaign." (*Id.* at 3). According to Plaintiff, Mr. and Ms. Choate revealed Plaintiff's private information online, and caused "extreme emotional distress, fear for his safety and the safety of his family and supporters, and loss of worth." (*Id.* at 17).

Plaintiff's amended complaint states that "Plaintiff was booked on 20 felony and 1 misdemeanor counts of elder abuse and identity theft" on January 19, 2021. (ECF No. 5, p. 19). Plaintiff maintains that he was falsely charged and incarcerated. (*Id.* at 4, 5). As set forth in Plaintiff's complaint, Defendant Tuolumne County is responsible for several defects throughout Plaintiff's criminal trial. (*See id.* at 19-30). First, a defective warrant resulted in Plaintiff's unlawful arrest which led to an unfavorable article about Plaintiff that was printed in the local newspaper. (*Id.* at 19). Plaintiff claims the warrant was defective due to Defendant Tuolumne County and other unnamed actors' failure "in their fiduciary duties to diligently protect Plaintiff's rights." (*Id.* at 20-21). Second, because Tuolumne County sheriffs refused to perform a civil standby that would enable Plaintiff to peaceably enter the residence, Plaintiff attempted to go to the residence without law enforcement assistance. (*Id.* at 24). When Plaintiff arrived, Mr. and Ms. Choate called the Sheriff's Department and Plaintiff was forced to leave before he could access "any of his personal belongings or exculpatory evidence." (*Id.* at 24-25). As a result, Plaintiff alleges that sometime around January 19, 2022, he was "falsely arrested and booked while incarcerated in County jail for misdemeanor trespassing." (*Id.* at 25). According to Plaintiff, those charges were later dismissed. (*Id.*) Finally, after Plaintiff was remanded into custody following his conviction, Plaintiff alleges that Mr. and Ms. Choate helped unnamed individuals remove Plaintiff's belongings that were stored in a garage in Calaveras County.[5] (*Id.* at 29).

---

[5] Plaintiff asserts a stolen property report was denied by a Calaveras County Sheriff's deputy who "made prejudicial comments about Plaintiff and refused any further remedy or correspondence." Neither the deputy nor Calaveras County are named as defendants in this action.

1

   **B. Summary of Plaintiff's Claims**[6]

2

      1. <u>Constitutional claims</u>

3

      Plaintiff alleges various "deprivation of rights" claims against Defendants, presumably

4

pursuant to 42 U.S.C. 1983 for violations of the Fifth and Fourteenth Amendments.[7] (ECF No. 5,

5

p. 31-33). According to Plaintiff, Defendants "violated clearly established law by acting

6

consciously, and deliberately indifferent" to Plaintiff's rights. (*Id.* at 30) In Count I, Plaintiff

7

alleges that Defendant Brouhard violated his procedural and substantive due process rights by

8

"unlawfully evicting Plaintiff" and allowing Mr. and Ms. Choate to unlawfully live in the

9

residence and become Oliver's primary caregivers. (*Id.* at 31). Plaintiff also alleges in Count III

10

that Defendant Tuolumne County negligently failed to properly oversee its employees and failed

11

to protect Plaintiff from various violations, including the issuance of a defective warrant, that

12

resulted in Plaintiff's unlawful arrest. (*Id.* at 32). Plaintiff further alleges that Mr. and Ms. Choate

13

"worked in concert" with Defendant Brouhard to "deprive Plaintiff of his protected Rights" by

14

making false, conspiratorial, and perjured statements against Plaintiff which led to Plaintiff's

15

unlawful eviction and false criminal conviction (Counts IV and V). (*Id.* at 32-33).

      2. <u>State law claims</u>

16

      Plaintiff's amended complaint alleges state law negligence claims against Defendants

17

Tuolumne County and Brouhard. (ECF No. 5, p. 37-39, 42-43, 44-45). Plaintiff alleges that

18

Defendant Tuolumne County breached its duty of care to Plaintiff in several ways, including

19

issuing a defective warrant against Plaintiff and overseeing an "incompetent investigation"

20

leading to Plaintiff's incarceration (Count XIII). (*Id.* at 38). Plaintiff's negligence claim against

21

Defendant Tuolumne County also asserts a claim for ineffective representation of counsel based

22

on Plaintiff's contention that the county public defender assigned to his case was "overworked"

23

and "inexperienced." (*Id.* at 38-39). Plaintiff further alleges that because Defendant Brouhard

24

owed a "fiduciary duty to [Oliver]," Brouhard breached her duty of care to Plaintiff by failing to

25

26

[6] As discussed previously, *supra* n.1 at 2, all claims brought on behalf of G.A.R. were dismissed without prejudice.
(*See* ECF Nos. 55 and 74). Because Count II has been dismissed, the Court will discuss the remaining claims to the
extent those claims are brought on behalf of Plaintiff only.

27

[7] Counts I-V are all similarly labeled "Deprivation of Rights," but only Counts I and II reference 42. U.S.C. § 1983
and the Fifth and Fourteenth Amendments.

28

"diligently investigate crucial matters concerning realistic care for [Oliver]" (Count XII). (*Id.* at 37-38). According to Plaintiff, this breach violated Plaintiff's "right to be properly questioned, vetted, and not unlawfully evicted." (*Id.* at 38). Similarly, Plaintiff alleges Defendant Brouhard is liable for intentional interference of property because Brouhard's failures enabled Ms. and Ms. Choate to unlawfully stay at the residence (Count XX). (*Id.* at 42-43). Further, Defendant Brouhard is liable for negligent misrepresentation because Brouhard breached her duty of care by relying on "documents received from the Choates [that] were inaccurate and a gross misrepresentation of facts and information" (Count XXIII). (*Id.* at 44-45).

Additionally, Plaintiff alleges numerous state law tort claims against Mr. and Ms. Choate. (ECF No. 5, p. 33-45). Plaintiff claims that Mr. and Ms. Choate defamed Plaintiff by posting false and slanderous information about Plaintiff on social media, which supported Mr. and Ms. Choate's narrative that Plaintiff was "abusive" and a "con artist" (Counts VI and VII). (*Id.* at 33-35). Plaintiff alleges that Mr. and Ms. Choate are liable for slander and libel because they both "intentionally made defamatory statements and communicated them to multiple people publicly and did post and comment these statements on Facebook" (Counts XIV and XV). (*Id.* at 39-40). Additionally, Plaintiff alleges that Mr. and Ms. Choate "intentionally manufactured false information, misinformation and misleading information that cast false light on Plaintiff" and so are liable for intentional misrepresentation (Counts XXI and XXII). (*Id.* at 43-44). Plaintiff also alleges claims for invasion of privacy because Mr. and Ms. Choate removed a private photo of Plaintiff from Plaintiff's private bedroom and posted the photo on social media (Counts VIII and IX). (*Id.* at 35-36). Further, Plaintiff alleges Mr. and Ms. Choate are liable for intentional infliction of emotional distress because their actions have caused Plaintiff to "lose sleep, peace of mind, sense of security, business opportunities, community service opportunities, income, and personal relationships" (Counts X and XI). (*Id.* at 36-37).

Finally, Plaintiff alleges various property tort claims against Mr. and Ms. Choate for trespass to chattels and trespass to land (Counts XVI, XVII, XVIII, and XIX). (ECF No. 5, p. 40-42). According to Plaintiff, Mr. and Ms. Choate unlawfully destroyed or otherwise disposed of several of Plaintiff's personal belongings. (*Id.* at 40-41). Plaintiff also claims Mr. and Ms. Choate unlawfully moved back into Plaintiff's residence, "invited friends to unlawfully mine precious

metals on Plaintiff's lawfully leased property," and also hosted "at least one (birthday) party . . . without Plaintiff's permission." (*Id.* at 41-42).

Plaintiff seeks $250,000.00 for every deprivation of right claim, $100,000.00 for every tort claim, as well as special and punitive damages. (ECF No. 5, p. 46). Further, Plaintiff "reserves the right to amend this complaint." (*Id.*)

### III.    REQUEST FOR JUDICIAL NOTICE

Mr. and Ms. Choate filed separate requests for the Court to take judicial notice of the fact that Plaintiff was "convict[ed] and sentence[ed] for felonies and a misdemeanor regarding his conduct towards Oliver" as detailed in a news article posted on Bakersfield.com. (ECF Nos. 18, 19, p. 2-3). Mr. and Ms. Choate argue that pursuant to Federal Rule of Evidence 201, the Court may take notice of those facts as they are "generally known within the trial court's territorial jurisdiction." (*Id.* at 2). Additionally, "these facts are mentioned frequently in Plaintiff's own pleadings, are part of the public record in Tuolumne County Criminal Court, as well as reported by neutral news organizations." (*Id.*)

Federal Rule of Evidence 201 "provides that a trial court may take judicial notice of an adjudicative fact, provided that the judicially noticed fact [is] not subject to reasonable dispute in that it is ... generally known within the territorial jurisdiction of the court." *Grason Elec. Co. v. Sacramento Mun. Util. Dist.*, 571 F.Supp. 1504, 1521 (E.D. Cal. 1983) (internal quotation marks omitted) (citing Fed. R. Evid. 201). "[A]judicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case." *Id.* Further, a court may properly take judicial notice of matters in the public record. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Plaintiff opposes Mr. and Ms. Choates' requests, arguing in his opposition that because Mr. and Ms. Choate "submitted matters outside the operative complaint, in the form of Judicial Notice, then the [C]ourt must either exclude such outside matters from consideration or treat the motion to dismiss as for summary judgment under Rule 56. (ECF No. 22, p. 4). Plaintiff cites to Federal Rule of Civil Procedure 12(d) which provides that if "matters outside the pleadings are

presented to and not excluded by the court" when reviewing a Rule 12(b)(6) motion then "the motion must be treated as one for summary judgment under Rule 56."

Here, the offered news article is not an adequate public record of the proceedings at issue. The Court typically takes judicial notice of matters in the public record by notice of an official document such as a docket entry or abstract of judgment. For that reason, the Court will recommend denying both requests for judicial notice.

However, Plaintiff's complaint itself alleges that he was convicted for financial elder abuse.[8] (ECF No. 5, p. 4). The Court will consider that allegation when relevant in connection with the pending motions.

## IV.    DEFENDANTS' MOTIONS TO DISMISS

### A.  Defendants Michael and Denise Choates' Motions to Dismiss

Mr. and Ms. Choate filed identical motions that seek to dismiss all of Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 18, 19). First, they argue that Plaintiff's constitutional claims against Mr. and Ms. Choate fail because Plaintiff's complaint does not contain any allegations that Mr. and Ms. Choate were employed by any government entity or acted under the color of state law. (*Id.* at 11-13). Second, the state law tort claims alleged by Plaintiff against Mr. and Ms. Choate are conclusory in nature, or otherwise so vaguely stated that it is difficult to ascertain either the legal or factual basis for the claimed causes of action. (*Id.* at 14-16). In the event the Court finds dismissal of the federal claims against Mr. and Ms. Choate appropriate, Mr. and Ms. Choate request that the Court decline to exercise supplemental jurisdiction over the remaining state law tort claims. (*Id.* at 16-17). Finally, Mr. and Ms. Choate request that all claims be dismissed with prejudice. (*Id.* at 18).

1. Plaintiff's Opposition

In Plaintiff's opposition, Plaintiff reiterates the legal basis for his constitutional claims against Mr. and Ms. Choate, stating that, "[i]ndependent actors Michael and Denise Choate" worked in concert with public officials [and] are equally liable for the injuries infringed upon Plaintif[f]." (ECF No. 22, p. 1). Further, Plaintiff contends that Mr. and Ms. Choates' motions to

---

[8] Elsewhere in Plaintiff's complaint, Plaintiff also states that his criminal charges included "20 felony and 1 misdemeanor counts of elder abuse and identity theft." (ECF No. 5, p. 19).

dismiss should be reviewed using the standard for summary judgment.[9] (*Id.* at 4). Thus, the motions should be denied as Mr. and Ms. Choate "have not rebutted any of the affidavits and exhibits that are in the operative complaint" nor have they "submitted any evidence on the record that rebuts the material evidence provided by Plaintiff . . . nor have they submitted any declarations to the contrary." (*Id.*) Finally, Plaintiff generally opposes the motions on the ground that, as a *pro se* litigant, Plaintiff should be allowed to proceed with his claims through discovery and should not be faulted for technical defects. (*Id.* at 4-7).

### 2. Mr. Choate's Reply

Mr. Choate's reply notes that Plaintiff's opposition fails to connect Mr. Choate to any Section 1983 violation. (ECF No. 30, p. 5-6). Additionally, Mr. Choate argues that the exhibits attached to Plaintiff's amended complaint and opposition fail to demonstrate a factual basis for Plaintiff's constitutional claims. (*Id.* at 6). Further, Mr. Choate contends that the discovery process contemplated by Federal Rules of Civil Procedure 26 and 37 does not mean, as Plaintiff argues in his opposition, that Plaintiff can defeat a Rule 12(b)(6) motion to dismiss on the ground that "much more evidence will be forthcoming at some future date." (*Id.* at 8-9).

### B. Defendants Tuolumne County and Brouhard's Motion to Dismiss

Defendants Tuolumne County and Brouhard filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] (ECF No. 24-1). According to the motion, Plaintiff's complaint fails to state a Section 1983 claim against Defendant Brouhard because the factual allegations described in the complaint do not constitute the deprivation of a federal right. (*Id.* at 7). For that same reason, Defendant Brouhard is entitled to qualified immunity. (*Id.* at 9). Plaintiff's complaint also fails to show a causal connection between Defendant Brouhard's actions and any deprivation. (*Id.* at 7). Further, Plaintiff's complaint fails to allege Defendant Brouhard acted with deliberate indifference or purpose to harm Plaintiff. (*Id.* at 8).

---

[9] Plaintiff also requests the Court "to declare ECF 18 and 19 to be moot" because they failed to address the G.A.R. claims before the deadline for Plaintiff's response to the Court's order to show cause regarding those claims expired. The Court declines this request as the claims brought on behalf of G.A.R. have been dismissed. (ECF Nos. 55 and 74).

[10] Defendants Tuolumne County and Brouhard's motion also addresses Count II, which has been dismissed. (*See* ECF Nos. 55 and 74).

As for the Section 1983 claim against Defendant Tuolumne County, the motion argues that Plaintiff has failed to adequately allege specific customs or policies that caused a constitutional violation as required to impose municipal liability. (ECF No. 24-1, p. 9). While Plaintiff's complaint describes certain actions by County employees, the allegations are conclusory and fail to give Defendant Tuolumne County fair notice to defend itself effectively. (*Id.* at 10). Further, Plaintiff's complaint fails to allege sufficient facts demonstrating that Defendant Tuolumne County's actions amounted to deliberate indifference. (*Id.* at 11).

Finally, Defendants Tuolumne County and Brouhard contend that each state law tort claim alleged against them must be dismissed because Plaintiff failed to allege compliance with the Government Claims Act. (ECF No. 24-1, p. 12). Because the Government Claims Act requires an individual who intends to litigate a tort claim against a government entity to file a timely claim with the proper entity, the state law tort claims against Defendant Tuolumne County and Brouhard must be dismissed as Plaintiff does not allege that he filed such a claim. (*Id.* at 13). Further, a public entity can only be held vicariously liable for the negligence of its employees, and Plaintiff has failed to identify any specific county employee, aside from Defendant Brouhard, who could be liable to Plaintiff for negligence. (*Id.* at 13-14).

As for the state law tort claims specifically alleged against Defendant Brouhard, Plaintiff has not alleged facts that demonstrate Brouhard breached a duty owed to Plaintiff. (ECF No. 24-1, p. 14). In fact, as a mandatory reporter and Adult Protective Services employee, Brouhard acted pursuant to the duty of care she owed Oliver. (*Id.*) Additionally, Plaintiff's claim against Defendant Brouhard for intentional interference of property does not appear to be a viable cause of action under California law, and Plaintiff does not allege any facts demonstrating that Brouhard acted intentionally. Finally, Plaintiff fails to allege sufficient facts to establish that Defendant Brouhard is guilty of fraud, corruption, or actual malice as required to state a claim for negligent misrepresentation. (*Id.* at 14-15).

1.   <u>Plaintiff's Opposition</u>

Plaintiff generally opposes Defendants Tuolumne County and Brouhard's motion to dismiss, arguing that there are only two elements necessary to state a claim pursuant to 42 U.S.C. § 1983, and thus Plaintiff has adequately alleged that Defendants acted under the color of state

law to violate Plaintiff's protected rights. (ECF No. 40, p. 1). Plaintiff also contends that, as a *pro se* litigant, he is "entitled through Discovery documentation of policy and employee handbooks of County employees at minimum" as well as other discovery to further develop the material facts of his claims against Defendants. (*Id.* at 6).

2. Defendants' Reply

Defendants Tuolumne County and Brouhard contend in the reply that Plaintiff's only claimed injuries allegedly caused by Defendants are that "(1) Plaintiff was forced to find other housing and (2) criminal charges involving both theft from an elder [Oliver] and identity theft [Oliver] were filed against him and prosecuted, where ultimately, a jury found Plaintiff guilty on 17 felony counts and one misdemeanor count." (ECF No. 49, p. 2). Additionally, Plaintiff failed to adequately rebut the argument that Plaintiff's state law tort claims against Defendants Tuolumne County and Brouhard must be dismissed due to noncompliance with the California Claims Act. (*Id.* at 3). Defendants' reply further contends that Plaintiff's purported proof of the causal connection between Defendant Brouhard and the alleged constitutional violations suffered by Plaintiff merely demonstrate that Defendant Brouhard acted only to "prevent further elder abuse of [Oliver]." (*Id.* at 4).

**V.      MOTION TO DISMISS STANDARD**

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998); *Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001).

## VI.     DISCUSSION

### A.   Federal Rule of Civil Procedure 8(a)[11]

As an initial matter, Plaintiff's complaint is subject to dismissal because it does not contain a short and plain statement of Plaintiff's claims.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins.*

---

[11] A court may raise Rule 8 *sua sponte*. *See Marshall v. United Nations*, 2006 WL 1883179, at *3 (E.D. Cal. July 6, 2006) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)) ("When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or *sua sponte*, to dismiss the complaint. . ."); *accord Velasco v. Sec. Nat. Mortg. Co.*, 823 F. Supp. 2d 1061, 1066 (D. Haw. 2011), *aff'd*, 508 F.App'x 679 (9th Cir. 2013) (holding courts may "*sua sponte* dismiss a complaint for failure to comply with Rule 8").

*Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's amended complaint violates Rule 8(a). The amended complaint is 148 pages and lists twenty-three claims in total. (*See, e.g.,* ECF No. 5). Plaintiff's complaint is also confusing and conclusory. There are several pages of factual allegations that are not relevant to the claims against Defendants, but instead appear to challenge the basis of Plaintiff's conviction. For instance, Plaintiff spends several pages of the amended complaint describing how Plaintiff "had gone over and beyond reasonable care and management of [Oliver's] affairs" during the time he cared for Oliver. (ECF No. 5, p. 3; *see id.* at 5-11). Plaintiff also makes several references to individuals who are not named as defendants in this action, and vaguely accuses them of misconduct against Plaintiff. As an example, Plaintiff mentions a Tuolumne County Sheriff's Department deputy, but merely states that the named deputy's failure to interview Plaintiff during the investigation was "prejudicial against Plaintiff." (*Id.* at 2). With regards to the constitutional claims against the named Defendants, Plaintiff does not clearly state what specific actions were done or by whom, and how those actions violated a specific right or rule. Instead, Plaintiff uses vague statements such as "deprivation of right" or "violation of right," which do not give fair notice to Defendants.

The Court will allow Plaintiff to amend his complaint, except as to the claims and defendants subject to dismissal, as set forth below. However, Plaintiff's amended complaint should include a "short and plain statement of the claim showing that the pleader is entitled to relief." It should also explain which claims Plaintiff is bringing and the facts that support those claims. Additionally, Plaintiff's amended complaint should conform to the page requirements set forth by the Court.

**B.  Plaintiff's Claims Challenging His Conviction Should Be Dismissed**

Throughout Plaintiff's complaint, Plaintiff appears to challenge his state conviction for financial elder abuse in various ways, stating for example that he was "wrongfully charged and convicted for financial elder abuse because the jury believed the prosecution's argument that

Plaintiff had agreed to only [use] $1000 of [Oliver's] monthly income to cover all of [Oliver's] expenses." (ECF No. 5, p. 4).

In *Heck v. Humphrey*, the Supreme Court addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). "[T]he Supreme Court held that a court must dismiss a § 1983 claim if (1) it seeks to recover damages for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' and (2) the plaintiff cannot show that 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016) (quoting *Heck*, 512 U.S. at 486-87); *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus).

"The applicability of the favorable termination rule turns solely on whether a successful Section 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery et. al.*, 79 F.3d 951, 952 (9th Cir. 1996), the Court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which Section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

Further, "[u]nder [the] *Rooker–Feldman* [doctrine], a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the '*de facto* equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel*, 341 F.3d at 1155).

In a "*de facto*" appeal, a "state-court loser" invites district court review and rejection of a state court judgment. *See Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016) (internal citations omitted). In analyzing whether a plaintiff is attempting to bring a "forbidden *de facto* appeal," the court determines whether a plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel*, 341 F.3d at 1164. If that is the case, a plaintiff is also precluded from litigating any issues that are "inextricably intertwined" with the state court judicial decision from which the forbidden *de facto* appeal is taken. *Id.* at 1165.

Here, Plaintiff's complaint repeatedly asserts that his conviction for financial elder abuse is invalid. For example, Plaintiff's complaint challenges the evidence used against Plaintiff during the criminal trial. Plaintiff also attempts to contradict an apparent argument made by the prosecution—that Oliver only authorized Plaintiff to use $1000.00 per month of Oliver's funds to cover Oliver's expenses—by describing, at multiple points, numerous expenditures which, according to Plaintiff, "clearly add up to more than $1000 per month." (ECF No. 5 at 4-5, 7-11). Plaintiff also includes facts about Oliver's financial situation and accounts, stating that "[i]t is important to note that the low balances were temporary and were consistent with [Oliver's] monthly bank balances on certain days of the month." (*Id.* at 4). These facts are not directly relevant to Plaintiff's claims against Defendants in this case but rather attack the prosecution's theory of the case during the criminal trial.

Additionally, Plaintiff alleges facts or makes statements that attempt to call into question the procedural integrity of the criminal trial. Plaintiff vaguely asserts that Tuolumne County Sheriff's Department deputies prevented Plaintiff from obtaining "exculpatory evidence that Plaintiff needed for trial in the felony case." (*Id.* at 25). Plaintiff also states that he "believes he was owed a care of duty by Tuolumne County, prosecuting attorney, Court staff, and cooperating actors who unlawfully, willfully, and knowingly violated Plaintiff's guaranteed rights." (*Id.* at 30).

Further, Plaintiff's negligence claim against Tuolumne County premises liability on, among other things, the "incompetent investigations against Plaintiff causing incarceration" as well as "insufficient representation by an overworked, overbooked public defender who was

1
2
3
4
5

inexperienced at dealing with a case that was highly complex causing the public defender's office to fail in their assistance of counsel." (*Id.* at 38-39). Finally, at the hearing on the pending motions in this case, Plaintiff explained that he wanted to present to this Court all of the transcripts and evidence from the criminal trial, which seems to indicate that Plaintiff's objective is to challenge the sufficiency of the verdict.

6
7
8
9
10
11
12
13
14
15

To the extent Plaintiff is challenging the fact of his confinement, such challenges must be brought through a petition for habeas corpus following exhaustion of state court appeals. *See Nettles v. Grounds*, 850 F.3d 922, 933 (9th Cir. 2016) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 490-91 (1973)) ("[H]abeas corpus is the exclusive remedy to attack the legality of the conviction or sentence. . ."). To the extent Plaintiff is not challenging the fact of his confinement, but brings claims that, if successful, would necessarily render his conviction or sentence invalid, those claims can proceed only if Plaintiff demonstrates that the underlying conviction has been reversed, expunged, or otherwise invalidated. Thus, pursuant to *Heck*, this Court cannot address Plaintiff's claims challenging his conviction unless Plaintiff's conviction is reversed, expunged, or otherwise invalidated.

16
17
18
19
20
21
22

Additionally, challenges to the sufficiency of the evidence used to support a state law conviction do not raise a federal claim unless predicated on federal law grounds. *See Hiivala v. Wood*, 195 F.3d 1098, 1107 (habeas petitioner failed to assert federal claim because petitioner "neither cited the Fourteenth Amendment nor any federal case law involving the legal standards for a federal Constitutional violation predicated upon a claim of insufficiency of the evidence to support a state law conviction."). Here, Plaintiff is attempting to use a federal case in part to appeal a state court conviction based on the evidence presented. Such arguments do not support a federal claim and are not cognizable in this court.

23
24
25

Therefore, the Court recommends dismissing Plaintiff's claims challenging the duration of his confinement or his underlying conviction without prejudice to Plaintiff later filing a petition for writ of habeas corpus.[12]

26

//

27
28

---

[12] Such a petition may only be filed after exhaustion of state remedies, among other requirements.

1

2

### C.  Section 1983

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell*, 436 U.S. at 691, 695.

1. *Monell* Liability

A county or other local governmental entity may be liable for a constitutional deprivation only where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)).

Under *Monell*, an entity defendant cannot be held liable for a constitutional violation solely because it employs a tortfeasor. 436 U.S. at 691. An entity defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990).

"Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *See e.g., Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support).

Here, Plaintiff fails to allege any cognizable *Monell* claim against Tuolumne County. Plaintiff alleges only that Plaintiff was unlawfully arrested "because of customs, policies, and

practices." (ECF No. 5, p. 32). This conclusory allegation is insufficient to state a *Monell* claim against an entity defendant. Moreover, in neither Plaintiff's opposition nor during the hearing on this motion did Plaintiff identify any potential facts or theories that would support such a claim. Plaintiff fails to identify an express municipal policy or well-settled and permanent custom of Tuolumne County to issue and enforce defective warrants.

Thus, Plaintiff fails to state any cognizable claims under § 1983 against Tuolumne County, and the Court recommends dismissal of Count III against Tuolumne County with prejudice and without leave to amend.

2.   Section 1983 Private-Actor Liability Regarding Choates

Mr. and Ms. Choate move to dismiss claims against them in part because they are private persons, not public officials. As discussed above, Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Private parties are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

It is clear from Plaintiff's complaint that Mr. and Ms. Choate are private persons and are not employed by any public entity. Plaintiff alleges that Mr. and Ms. Choate nevertheless acted under the color of state law because they were agents of Tuolumne County Adult Protective Services. To support this theory, Plaintiff asserts that Adult Protective Services requested Mr. and Ms. Choate to remain at the residence and care for Oliver. However, Plaintiff's amended complaint does not allege that providing such care is traditionally the exclusive prerogative of the state. Indeed, "[c]are of the elderly and infirm has traditionally been a function associated with the family, not with sovereignty." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 390 (9th Cir. 1983) (quoting *Musso v. Suriano*, 586 F.2d 59, 63 (7th Cir. 1978) (holding that acts performed by nursing home staff did not constitute state action)).

Further, Plaintiff does not set forth any facts—beyond mere conclusory statements—that indicate that Mr. and Ms. Choate jointly acted with Tuolumne County. *See Lockhead v. Weinstein*, 24 Fed.App'x 805, 806 (9th Cir. 2001) ("[M]ere furnishing of information to police officers does not constitute joint action"); *Deeths v. Lucile Slater Packard Children's Hosp. at Stanford*, 2013 WL 6185175, at *8, 9 (E.D. Ca. Nov. 26 2013) ("Even if [private actor] made false statements to [County] social workers regarding the need to remove [minor] from Plaintiff's care, supplying information alone does not amount to conspiracy or joint action under color of state law."). Nowhere in Plaintiff's opposition to Mr. and Ms. Choate's motions to dismiss or during the hearing did Plaintiff raise any additional facts or theories that would support Section 1983 liability against the Choate defendants. For those reasons, Plaintiff has failed to state any constitutional claims against Mr. and Ms. Choate.

Accordingly, the Court recommends dismissal of Plaintiff's constitutional claims against Mr. and Ms. Choate with prejudice and without leave to amend.

### D. Plaintiff's State Tort Claims Against Mr. and Ms. Choate and Tuolumne County Should Be Dismissed

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Congress as conferred on the district courts original jurisdiction in federal question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Aside from federal question cases, district courts have original jurisdiction over diversity cases that are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens" where the amount in controversy meets the statutory requirement. *Id.* "[I]t is well established—in certain classes of cases—that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id.* However, "district courts may decline to exercise supplemental jurisdiction. . .if. . .the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant

to 28 U.S.C. §1367, over pendent state-law claims.") (internal citations omitted); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Here, the Court has recommended that the federal law claims against Mr. and Ms. Choate and Tuolumne County—the only claims in this case where the Court has original jurisdiction—be dismissed with prejudice. As Plaintiff has not asserted diversity jurisdiction, the Court would lack original jurisdiction over the remaining state law claims against those defendants.

For that reason, the Court will also recommend that Plaintiff's state law tort claims against Mr. and Ms. Choate[13] and Tuolumne County[14] be dismissed without prejudice to filing such claims in state court.

### E.  Government Claims Act

California's Government Claims Act[15] requires that a claim against the State[16] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff asserts state law claims for negligence, intentional interference with property, and negligent misrepresentation against Defendant Brouhard and is seeking to recover

---

[13] Plaintiff asserts a total of fourteen tort claims against Mr. and Ms. Choate: Counts VI, VII, XIV, XV, XXI, XXII, VII, IX, X, XI, XVI, XVII, XVIII, XIX. (*See* summary of Plaintiff's claims *supra,* p. 6-7).
[14] Plaintiff asserts a single tort claim against Tuolumne County (Count XVII). (*Id.*)
[15] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).
[16] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

money damages. Although Plaintiff's allegations are unclear as discussed above, to the extent Defendant Brouhard is a public employee, Plaintiff has not alleged facts demonstrating that he complied with, or excusing his compliance with, the Government Claims Act claims presentation requirement for his state law claims.

Accordingly, the Court recommends that Plaintiff's state law tort claims against Defendant Brouhard (Counts XII, XX, and XXIII) be dismissed without prejudice for failure to comply with the Government Claims Act. If Plaintiff amends his complaint and wishes to assert claims against a state entity or employee, he should allege facts demonstrating he complied with the Government Claims Act or was excused from compliance.

## VII.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. To the extent that Plaintiff's claims against Mr. and Mrs. Choate and Tuolumne County in Counts IV, V, and XII allege misconduct or violations of due process regarding Plaintiff's criminal trial and the evidence used against Plaintiff (*see* discussion *supra*, p. 15-17), the Court recommends such claims be dismissed without prejudice to Plaintiff challenging the constitutionality of his conviction and sentence in a petition for writ of habeas corpus.

2. Defendant Denise Choate's motion to dismiss (ECF No. 18) be GRANTED IN PART and that the federal claim against Ms. Choate (Count V) be dismissed with prejudice, and that the state law tort claims against Ms. Choate (Counts VII, IX, XI, XIV, XVI, XVIII, and XXI) be dismissed without prejudice to filing such claims in state court.

3. Defendant Denise Choate's request for judicial notice (ECF No. 18) be DENIED.

4. Defendant Michael Choate's motion to dismiss (ECF No. 19) be GRANTED IN PART and that the federal claim against Mr. Choate (Count IV) be dismissed with prejudice, and the state law tort claims against Ms. Choate (Counts VI, VIII, X, XV, XVII, XIX, and XXII) be dismissed without prejudice to filing such claims in state court.

5. Defendant Michael Choate's request for judicial notice (ECF No. 18) be DENIED.

6.  Defendants Tuolumne County and Melissa Brouhard's motion to dismiss (ECF No. 24) be GRANTED IN PART as follows:

    a.  Plaintiff's federal claim against Defendant Tuolumne County (Count III) be dismissed with prejudice and without leave to amend;

    b.  Plaintiff's state law tort claim against Defendant Tuolumne County be dismissed without prejudice to filing such a claim in state court;

    c.  Plaintiff's federal claim against Defendant Melissa Brouhard (Count I) be dismissed without prejudice for violation of Rule 8 and with leave to amend;

    d.  Plaintiff's state law tort claims against Defendant Brouhard (Counts XII, XX, and XXIII) be dismissed without prejudice for lack of compliance with the Government Claims Act and with leave to amend.

7.  That Defendants Michael Choate, Denise Choate and Tuolumne County be terminated from the docket.

8.  Within **thirty (30) days** from the date of service of this order, Plaintiff may file a Second Amended Complaint;

**9.**  If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:22-cv-00392-JLT-EPG. **Further, Plaintiff's amended complaint shall be no more than twenty (20) pages; and**

**10. <u>Failure to comply with this order may result in the dismissal of this action.</u>**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\

23

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 15, 2022**                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE

24