UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN THOMAS ROCKWELL,<br><br>   Plaintiff,<br><br> v.<br><br>TUOLUMNE COUNTY, *et al.*,<br><br>   Defendants. | Case No. 1:22-cv-00392-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT BROUHARD'S MOTION TO DISMISS BE GRANTED AND THAT PLAINTIFF'S THIRD AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>(ECF No. 86). |

  Plaintiff Allan Thomas Rockwell ("Plaintiff") proceeds *pro se* in this civil rights action initiated on April 4, 2022. (ECF No. 1). This case proceeds on Plaintiff's Third Amended Complaint. (ECF No. 84). Before the Court is Defendant Melissa Brouhard's motion to dismiss Plaintiff's Third Amended Complaint. (ECF No. 86). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). (ECF No. 89). For the following reasons, the Court will recommend that Defendant Brouhard's motion be granted and that Plaintiff's Third Amended Complaint be dismissed without leave to amend.

**I. BACKGROUND**

  This case primarily arises from an elder abuse investigation conducted by Tuolumne County concerning an individual under Plaintiff's care, and the subsequent criminal trial that

1

resulted in Plaintiff's conviction.

Plaintiff's First Amended Complaint alleged that Michael and Denise Choate ("Choate defendants"), two private citizens, acted in "concert" with Tuolumne County and Defendant Brouhard, a Tuolumne County Adult Protective Services employee, to deprive Plaintiff of constitutionally protected rights throughout the investigation and criminal trial. (*See* ECF No. 5). Plaintiff also alleged numerous state law tort claims generally related to violations against Plaintiff's person or property caused by the negligent or willful misconduct of Mr. and Ms. Choate, Tuolumne County, and Defendant Brouhard. (*Id.*)

The Choate defendants filed motions to dismiss Plaintiff's claims. (ECF Nos. 18, 19). Tuolumne County and Defendant Brouhard also filed a motion to dismiss all claims asserted against them. (ECF No. 24). On November 15, 2022, the Court issued findings and recommendations that Plaintiff's claims against the Choate defendants, Tuolumne County, and Defendant Brouhard be dismissed. (ECF No. 76). Specifically, the Court recommended that Plaintiff's federal claim against Defendant be dismissed for violation of Federal Rule of Civil Procedure 8(a), and that Plaintiff's state law tort claims against Defendant Brouhard be dismissed for failure to comply with the Government Claims Act. (*Id.*, pp. 22-23). However, the Court recommended that leave to be amend be granted only as to Plaintiff's claims against Defendant Brouhard. (*Id.*) On March 9, 2023, the District Judge Jennifer L. Thurston issued an order adopting the Court's findings and recommendations in full. (ECF No. 81).

Plaintiff was granted leave to file an amended complaint that was not to exceed twenty pages. (ECF No. 81, p. 3). On April 10, 2023, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 28). The SAC was twenty-eight pages long and included an additional fifteen pages of exhibits. (*See id.*) Because Plaintiff failed to comply with the Court's page limitations, the Court ordered that Plaintiff's SAC be stricken from the record. (ECF No. 83). The Court also granted Plaintiff leave to file an amended complaint. (*Id.*)

On May 25, 2023, Plaintiff filed his Third Amended Complaint ("TAC"). (ECF No. 84). On July 13, 2023, Defendant Brouhard filed a motion to dismiss Plaintiff's TAC.[1] (ECF No. 86).

---

[1] On July 12, 2023, the Court issued an order directing Plaintiff to file a request for entry of default as Defendant Brouhard had failed to file a responsive pleading within the time period required by the federal rules. (ECF No. 85). After Defendant Brouhard filed the instant motion to dismiss, the Court vacated the

On July 27, 2023, Plaintiff filed his opposition. (ECF No. 90). On August 4, 2023, Defendant Brouhard filed her reply. (ECF No. 91).

## II.   PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff's claims generally arise from an elder abuse investigation initiated by Tuolumne County Adult Protective Services regarding Plaintiff's relationship with his elderly uncle, Patrick Thomas Oliver ("Oliver"). The Court notes that much of Plaintiff's complaint concerns allegations and individuals that are not relevant to Plaintiff's claims against Defendant Brouhard.

Plaintiff alleges that on April 6, 2020, he received a phone call from Defendant Brouhard, a Tuolumne County Adult Protective Services employee. (ECF No. 84, p. 1). According to Plaintiff, Defendant Brouhard told Plaintiff that the phone call was official notice that his power of attorney authority as to Oliver had been revoked. (*Id.*) Plaintiff alleges that Defendant Brouhard told Plaintiff that Adult Protective Services would take over Oliver's care immediately. (*Id.*) However, Plaintiff alleges that Adult Protective Services did not officially assign anybody to care for Oliver, although Mr. and Ms. Choate remained in Plaintiff's home. (*Id.*)

Plaintiff claims that Defendant Brouhard unlawfully communicated to Plaintiff that he would be arrested if he returned to his home. (*Id.*, p. 2). Accordingly, Plaintiff alleges that he was unable to reside at his home with his child, who has special needs, for the past two years. (*Id.*) Plaintiff alleges that a deputy from the Tuolumne County Sheriff's Department interviewed Oliver but failed to interview Plaintiff. (*Id.*) Plaintiff alleges that "the failure to interview Plaintiff was prejudicial improper [sic] against Plaintiff because of Brouhard's improper report." (*Id.*)

Plaintiff alleges that he went above and beyond in his care for Oliver. (*Id.*) According to Plaintiff, former defendants, Mr. and Ms. Choate, financially benefitted from Defendant Brouhard's unlawful actions. (*Id.*) Plaintiff alleges that Defendant Brouhard's removal of Plaintiff from Oliver's care was unlawful. (*Id.*, p. 3).

Plaintiff alleges that he was "wrongfully convicted of financial elder abuse and identity theft, including 20 felony counts and one misdemeanor[.]" (*Id.*) Accordingly, Plaintiff "brings this action against Defendant [Brouhard] for deprivation of rights and multiple tort claims, at minimum." (*Id.*) Plaintiff alleges that Defendant Brouhard "acted and presumptually [sic] and

---

July 12, 2023 order. (ECF No. 88).

3

unlawfully because she was unaware of the facts in which fatally corrupted the totality of her investigation and conclusions[.]" (*Id.*, p. 5).

Plaintiff's complaint also describes Plaintiff's caretaking of Oliver and how Oliver came to live with Plaintiff (*Id.*, pp. 5-9). At some point, Plaintiff states that Mr. and Ms. Choate temporarily moved into Plaintiff's residence. (*Id.*, p. 8). Plaintiff also states that the Choates "groomed" Oliver. (*Id.*)

Plaintiff alleges that he was never legally notified that Oliver revoked his power of attorney authority. (*Id.*, p. 9). Plaintiff claims that Defendant Brouhard "failed in her administrative duties in this matter at minimum." (*Id.*) Because of the statewide ban on evictions due to the COVID-19 pandemic, Plaintiff alleges that Defendant Brouhard unlawfully evicted Plaintiff while the ban was in effect. (*Id.*) After Plaintiff was displaced from his home, a local attorney offered to speak with Defendant Brouhard regarding this situation between Plaintiff and Oliver. (*Id.*) According to Plaintiff, Plaintiff was told that he needed to arrange a time to pick up his personal belongings with Defendant Brouhard and Adult Protective Services. (*Id.*, p. 10).

Plaintiff was criminally charged with elder abuse and identify theft on January 19, 2021. (*Id.*) Plaintiff generally alleges that Tuolumne County and other actors are responsible for a defective warrant that led to Plaintiff's unlawful arrest. (*Id.*, pp. 10-12). Around the same time Plaintiff was criminally charged, Plaintiff attempted to retrieve his belongings from the residence where he had resided with Oliver. (*Id.*, pp. 13-15). Plaintiff was unable to retrieve his belongings due to the actions of other individuals. (*Id.*, p. 15).

While Plaintiff's criminal case was ongoing, Plaintiff learned that Oliver was left alone at a hospital emergency room, which caused Plaintiff extreme emotional distress and concern for Oliver's welfare under the care of Adult Protective Services and Mr. and Ms. Choate. (*Id.*, p. 16). Plaintiff was convicted in his felony case and unable to retrieve his personal belongings. (*Id.*)

Plaintiff alleges that he "unfairly paid expenses, including but not limited to, utilities, [Oliver's] cell phone, renter's insurance, and other miscellaneous expenses on [Oliver's] behalf in which the Choates further benefitted from Brouhard's unlawful action against Plaintiff while Plaintiff and his son could not live in their own residence while the Choates were living there rent free because of Brouhard's actions." (*Id.*, p. 17). Plaintiff alleges that Defendant Brouhard

4

"committed gross negligence by incompetently failing to fully and properly inspect multiple key readily available facts." (*Id.*) Plaintiff further alleges that Defendant Brouhard worked in concert with Mr. and Ms. Choate to unlawfully remove Plaintiff from his property. (*Id.*) Plaintiff alleges that Defendant Brouhad "violated clearly established law by acting consciously and deliberately indifferent to Plaintiff's secured, protected, and guaranteed rights of sufficiency of process, while acting under the color of law." (*Id.*)

Plaintiff's federal claim against Defendant Brouhard is for "deprivation of rights" based on Defendant Brouhard's willful violation of the Fifth and Fourteenth Amendments when she unlawfully evicted Plaintiff from his residence without providing Plaintiff due process. (*Id.*, p. 18). Plaintiff also brings state claims against Defendant Brouhard for negligence, intentional interference of property, and negligent misrepresentation. (*Id.*, pp. 18-20).

### III.     DEFENDANT BROUHARD'S MOTION TO DISMISS

On July 13, 2023, Defendant Brouhard filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 86). According to the motion, Plaintiff's Third Amended Complaint fails to state a Section 1983 claim against Defendant Brouhard because the factual allegations described in the complaint do not constitute the deprivation of a federal right or set forth facts indicating that Defendant Brouhard knowingly and willingly deprived Plaintiff of a federal right. (*Id.*, pp. 5-7). Defendant Brouhard also argues that she is entitled to qualified immunity. (*Id.*, pp. 7-8). Further, Defendant Brouhard contends Plaintiff's state law claims must be dismissed because Plaintiff fails to allege compliance with the California Claims Act (Government Code § 900, *et seq.*). Finally, Defendant Brouhard argues that Plaintiff's Third Amended Complaint fails to state a claim for negligence, intentional interference of property, and negligent misrepresentation and requests that Plaintiff's state law claims be dismissed without leave to amend. (*Id.*, pp. 8-11).

#### A.     Plaintiff's Opposition

On July 27, 2023, Plaintiff filed his "objection" to Defendant Brouhard's motion to dismiss. (ECF No. 90). Plaintiff generally argues that he has sufficiently alleged specific facts that demonstrate Defendant Brouhard violated his rights. (*Id.*, p. 4). Plaintiff also restates many of the allegations made against Defendant Brouhard. (*Id.*, pp. 2-3). Additionally, Plaintiff makes several

arguments related to his criminal conviction and argues that Defendant Brouhard violated Article 1, Section 10 of the United States Constitution. (*Id.*, p. 3). Plaintiff opposes Defendant Brouhard's argument that she is entitled to qualified immunity. (*Id.*, p. 4). Plaintiff also argues that he is excused from compliance with the Government Claims Act because Plaintiff has brought this action in federal court. (*Id.*, pp. 4-5). Plaintiff believes that dismissal prior to discovery would be "premature, presumptuous, and unconscionable[.]" (*Id.*, p. 5).

### B. Defendant Brouhard's Reply

On August 4, 2023, Defendant Brouhard filed a reply to Plaintiff's opposition. (ECF No. 91). Defendant Brouhard argues that "[n]othing in Plaintiff's complaint even suggests what actions Ms. Brouhard committed or omitted that caused Plaintiff's constitutional rights to be violated that were contrary to Ms. Brouhard's legal duties." (*Id.*, pp. 4-6). Further, Defendant Brouhard argues that Plaintiff is incorrect that he can bring tort claims under Section 1983 in a federal complaint. (*Id.*, pp. 2-3).

### IV. MOTION TO DISMISS STANDARD

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its

6

face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## V.  DISCUSSION

### A.  Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

In the Court's prior findings and recommendations, the Court found that Plaintiff's First Amended Complaint violated Rule 8(a):

> The amended complaint is 148 pages and lists twenty-three claims in total. (*See, e.g.,* ECF No. 5). Plaintiff's complaint is also confusing and conclusory. There are several pages of factual allegations that are not relevant to the claims against Defendants, but instead appear to challenge the basis of Plaintiff's conviction. For instance, Plaintiff spends several pages of the amended complaint describing how Plaintiff "had gone over and beyond reasonable care and management of [Oliver's] affairs" during the time he cared for Oliver. (ECF No. 5, p. 3; *see id.* at 5-11). Plaintiff also makes several references to individuals who are not named as defendants in this action, and vaguely accuses them of misconduct against Plaintiff. As an example, Plaintiff mentions a Tuolumne County Sheriff's Department deputy, but merely states that the named deputy's failure to interview Plaintiff during the investigation was "prejudicial against Plaintiff." (*Id.* at 2).

7

> With regards to the constitutional claims against the named Defendants, Plaintiff does not clearly state what specific actions were done or by whom, and how those actions violated a specific right or rule. Instead, Plaintiff uses vague statements such as "deprivation of right" or "violation of right," which do not give fair notice to Defendants.
>
> The Court will allow Plaintiff to amend his complaint, except as to the claims and defendants subject to dismissal, as set forth below. However, Plaintiff's amended complaint should include a "short and plain statement of the claim showing that the pleader is entitled to relief." It should also explain which claims Plaintiff is bringing and the facts that support those claims. Additionally, Plaintiff's amended complaint should conform to the page requirements set forth by the Court.

(ECF No. 76, pp. 12-13).

Here, Plaintiff has submitted an amended complaint that conforms to the page limitations set by the Court. However, Plaintiff's complaint does not clearly explain which claims Plaintiff is bringing and the facts that support those claims. Instead, many of Plaintiff's allegations focus on defendants who have been dismissed or on events related to Plaintiff's criminal trial and the actions of other individuals who have never been named as defendants. Because Plaintiff's TAC is "argumentative, prolix, replete with redundancy, and largely irrelevant," the Court finds that Plaintiff has once again violated Federal Rule of Civil Procedure 8(a). *McHenry*, 84 F.3d at 1177.

Additionally, and as discussed further below, Plaintiff's TAC fails to state any federal claim against Defendant Brouhard. Accordingly, the Court will recommend that Plaintiff's federal claims against Defendant Brouhard be dismissed. The Court will also recommend that Plaintiff's state law tort claims against Defendant Brouhard be dismissed as Plaintiff's TAC once again fails to allege compliance with the Government Claims Act.

**B. Section 1983**

The Civil Rights Act provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also*

8

*Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell*, 436 U.S. at 691, 695.

### 1. *Substantive Due Process*

"The Due Process Clause of the Fourteenth Amendment includes 'a substantive component that protects certain individual liberties from state interference[.]'" *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018) (quoting *Mullins v. Oregon*, 57 F.3d 789, 7983) (9th Cir. 1995)); *see also Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government."). "The range of liberty interests that substantive due process protects is narrow and '[o]nly those aspects of liberty that

we as a society traditionally have protected as fundamental are included within the substantive protection of the Due Process Clause.'" *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018) (citations omitted). "Substantive due process has, therefore, been largely confined to protecting fundamental liberty interests, such as marriage, procreation, contraception, family relationships, child rearing, education and a person's bodily integrity, which are 'deeply rooted in this Nation's history and tradition.'" *Id.* Moreover, to constitute a violation of substantive due process, the alleged deprivation must "shock the conscience and offend the community's sense of fair play and decency." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (citation and quotation marks omitted).

### 2.  *Procedural Due Process*

"Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Dash, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 683 F.2d 1229, 1233 (9th Cir. 1982). "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Board of Ed. of Lynwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Regarding the first element, Property interests include things like the ownership of money or real estate, although they extend beyond this. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571-72 (1972). While liberty interests have historically been understood to encompass the "freedom from bodily restraint," it also has broader definitions. *Id.* at 572; *see Washington v. Glucksberg*, 521 U.S. 702, 719 (1997) ("The Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint."). Liberty interests include "the specific freedoms protected by the Bill of Rights" and fundamental rights, *e.g.*, the right to marry. *Washington*, 521 U.S. at 720 [2] (internal quotation marks and citations omitted).

---

[2] While *Washington* discussed liberty interests in the context of substantive due process, "[a] threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Olson v. California*, 62 F.4th 1206, 1220 (9th Cir. 2023) (quoting *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999)).

Regarding the second element, "[t]he essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (internal citation and quotations marks omitted); *see also Miranda v. City of Casa Grande*, 15 F.4th 1219, 1225 (9th Cir. 2021) ("The touchstone of procedural due process is notice and an opportunity to be heard."). There need not be any single set of procedures to ensure due process—"[a]ll that is necessary is that the procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard ... to insure that they are given a meaningful opportunity to present their case." *Id.* at 349 (internal citation and quotations marks omitted); *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) (noting "there are no 'hard and fast' rules for determining the requisite timing and adequacy of pre- and post-deprivation procedures").

> [The] identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

### C.    Analysis of Plaintiff's Federal Claims

The Court finds that Plaintiff fails to state any Section 1983 claim against Defendant Brouhard. Here, Plaintiff vaguely alleges that Defendant Brouhard violated or deprived him of his Fifth and Fourteenth Amendment rights to substantive and procedural due process. However, Plaintiff's allegations are confusing and conclusory and do not specify which right or rule was allegedly violated or the conduct by Defendant Brouhard that led to the violation of any right or rule. For example, Plaintiff appears to allege that Defendant Brouhard improperly revoked his power of attorney authority over Oliver without providing him proper notice. Yet Plaintiff fails to explain the procedures or notice he was legally entitled to receive or how this amounted to a violation of any protected liberty or property interest. *See Olson v. California*, 62 F.4th 1206, 1220 (9th Cir. 2023) (quoting *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999)) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.").

Plaintiff also alleges that Defendant Brouhard unlawfully "evicted" Plaintiff from his residence. But Plaintiff's allegations here are confusing and conclusory. Plaintiff alleges that Defendant Brouhard communicated to him that he would be arrested if he returned to his residence, and so Plaintiff was unable to return. Plaintiff further alleges that Defendant Brouhard violated the statewide moratorium on evictions but does not otherwise allege that Defendant Brouhard took any action or made any omission that evicted Plaintiff from his home or led to Plaintiff being evicted.[3] Although Plaintiff vaguely alleges that Defendant Brouhard made an "improper report," Plaintiff does not explain the contents of this report or how it violated any right. Plaintiff also alleges that Defendant Brouhard was "unaware of facts," which impacted her investigation, but never clearly identifies how those facts would contradict any statements made in Defendant Brouhard's report or how the failure to become aware of those facts violated any specific right. Thus, Plaintiff's allegations fail to establish the requisite causal connection between Defendant Brouhard's conduct and any unlawful eviction.[4]

Moreover, Plaintiff continues to allege that Defendant Brouhard's wrongful actions "directly led to the incarceration of Plaintiff," and thus, challenges the fact of Plaintiff's criminal conviction. (ECF No. 84, p. 20). As the Court previously explained to Plaintiff, a court must dismiss a Section 1983 claim if "(1) it seeks to recover damages for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' and (2) the plaintiff cannot show that 'the conviction or sentence has been reversed on direct appeal, expunged by executive

---

[3] Although Plaintiff alleges that Defendant Brouhard's conduct violated a state-issued moratorium on evictions, "[a]s a general rule, a violation of a state law does not lead to liability under § 1983," *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998), unless the violation "causes the deprivation of a right protected by the United States Constitution," *Lovell By and Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Plaintiff offers no facts or legal authority to support the inference that a violation of the state-wide eviction moratorium caused any deprivation of his due process rights.

[4] The Court notes that it is unclear whether Plaintiff was subject to any formal state court eviction proceeding or whether Plaintiff's claims challenge any state court ruling regarding Plaintiff's eviction. It is worth noting that any challenges to a state court eviction proceeding in this court would be barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 1003) ("Under [the] *Rooker-Feldman* [doctrine], a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of state court."); *see also Ramirez, et al. v. County of El Dorado, et al.*, No. 2:18-cv-00632-KJM-CKD (PS), 2020 WL 1673898, at *4 (E.D. Cal. Apr. 6, 2020) (district court lacked jurisdiction "to review the state court's ruling on the writ of possession, and thus plaintiffs' causes of action are barred to the extent they require a finding that the eviction was unlawful"), *report and recommendation adopted,* 2020 WL 4748162 (E.D. Cal. Aug. 17, 2020), *aff'd mem.*, *Ramirez, et al. v. County of El Dorado, et al.*, 2022 WL 1744108, at *1 (9th Cir. May 31, 2022).

order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"[5] (ECF No. 76, p. 14) (quoting *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016)). Accordingly, to the extent Plaintiff challenges the duration of his confinement or his underlying conviction, such claims are subject to dismissal. the Court recommends that Plaintiff's claims be dismissed without prejudice to Plaintiff later filing a petition for writ of habeas corpus.

As discussed above, Plaintiff fails to state a claim under Section 1983. Thus, the Court recommends that Plaintiff's Section 1983 claims against Defendant Brouhard be dismissed with prejudice.

### D. Analysis Plaintiff's State Law Claims

The Court also finds that Plaintiff's state law tort claims against Defendant Brouhard are subject to dismissal because Plaintiff once again fails to allege compliance with the Government Claims Act.

California's Government Claims Act[6] requires that a claim against the State[7] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th

---

[5] The Court notes that Plaintiffs claims against the Choates and Tuolumne County based on allegations of misconduct or violations of due process related to Plaintiff's criminal trial and the evidence used against Plaintiff were dismissed without prejudice to Plaintiff challenging the constitutionality of his conviction and sentence in a petition for writ of habeas corpus. (*See* ECF No. 81, p. 2). However, the Court's findings and recommendations did not specifically recommend that Plaintiff's claims against Defendant Brouhard be dismissed on these grounds. (*See* ECF No. 76, pp. 13-16).

[6] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[7] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff asserts state law claims for negligence, intentional interference with property, and negligent misrepresentation against Defendant Brouhard and is seeking to recover money damages. The Court previously recommended that Plaintiff's state law tort claims against Defendant Brouhard be dismissed without prejudice for failure to comply with the Government Claims Act. (ECF No. 76, pp. 21-22). The Court advised Plaintiff that if he "wishes to assert claims against a state entity or employee, he should allege facts demonstrating he complied with the Government Claims Act or was excused from compliance." (*Id.*, p. 22).

In Plaintiff's opposition, Plaintiff argues that he has "brought this action in the federal court, which supersedes California's ability to obstruct accountability for government actors who violate federal clearly established laws while acting under color of (California) law." (ECF No. 90, p. 4). Plaintiff is incorrect that he is excused from compliance with the Government Claims Act by virtue of filing his state tort claims against Defendant Brouhard in federal court. *See Karim-Panahi*, 839 F.2d at 627 (state tort claims included in a federal action filed pursuant to 42 U.S.C. § 1983 may only proceed if the claims were presented in compliance with the applicable exhaustion requirements). Because Plaintiff does not allege compliance with the Government Claims Act, the Court recommends that Plaintiff's state law claims against Defendant Brouhard be dismissed.

## VI. LEAVE TO AMEND

The Court finds that amendment to Plaintiff's claims would be futile. The Court's previous findings and recommendations identified specific deficiencies as to Plaintiff's prior complaint, including Plaintiff's claims against Defendant Brouhard. Plaintiff's TAC failed to correct these deficiencies. Therefore, the Court recommends that Plaintiff's claims be dismissed without leave to amend. Further, the Court recommends that Plaintiff's claims be dismissed with prejudice (except to the extent Plaintiff challenges the fact of his confinement, *see supra*, pp. 12-13). *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear. . .that the complaint could not be saved by amendment.").

14

## VII. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendant Melissa Brouhard's motion to dismiss (ECF No. 86) be GRANTED without further leave to amend;
2. Plaintiff's Section 1983 claims against Defendant Brouhard be dismissed with prejudice for failure to state a claim;[8]
3. Plaintiff's state law claims against Defendant Brouhard be dismissed with prejudice for failure to allege compliance with the Government Claims Act;
4. The case be closed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **December 19, 2023**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[8] Nothing in this order would preclude Plaintiff from challenging Plaintiff's criminal trial or evidence used against Plaintiff, in appeal or in a petition for writ of habeas corpus.