UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN THOMAS ROCKWELL,<br><br>         Plaintiff,<br><br>    v.<br><br>TUOLUMNE COUNTY, *et al.*,<br><br>         Defendants. | Case No.  1:22-cv-0392 JLT EPG<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 86, 94) |

   Allan Thomas Rockwell seeks to hold Melissa Brouhard, a Tuolumne County Adult Protective Services employee, liable for violations of federal and state law.  (*See* Doc. 84.)  Defendant[1] moved to dismiss the third amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 86.)  The motion was referred to the assigned magistrate judge to prepare Findings and Recommendations.  (Doc. 89.)

   The magistrate judge determined Plaintiff "does not clearly explain which claims [he] is bringing and the facts that support those claims."  (Doc. 94 at 8.)  Rather, the magistrate judge observed that "many … allegations focus on defendants who have been dismissed or on events related to Plaintiff's criminal trial and the actions of other individuals who have never been named as defendants."  (*Id.*)  The magistrate judge determined the TAC was "argumentative,

---

[1] All other defendants were dismissed from this action. (Doc. 81.)

1

1 prolix, replete with redundancy, and largely irrelevant." (*Id.*, citation omitted.) Thus, the
2 magistrate judge found Plaintiff "violated Federal Rule of Civil Procedure 8(a)." (*Id.*)

3 The magistrate judge also determined the allegations were insufficient to support a claim
4 under 42 U.S.C. § 1983. (Doc. 94 at 8-13.) The magistrate judge opined Plaintiff did "not
5 specify which right or rule was allegedly violated or the conduct by Defendant Brouhard that led
6 to the violation of any right or rule," to support a claim for a violation of due process rights." (*Id.*
7 at 11.) Further, the magistrate judge determined Plaintiff did not establish any causal connection
8 between Defendant and the alleged violations of his rights. (*Id.*) To the extent Plaintiff asserted
9 Defendant's actions "directly led to the incarceration of Plaintiff," the magistrate judge found his
10 claims were not cognizable under Section 1983. (*Id.* at 12-13.) The magistrate judge
11 recommended that Plaintiff's claims concerning the duration of his confinement or underlying
12 conviction "be dismissed without prejudice to Plaintiff later filing a petition for writ of habeas
13 corpus," but his "Section 1983 claims against Defendant Brouhard be dismissed with prejudice."
14 (*Id.* at 13.) Finally, the magistrate judge also recommended that "Plaintiff's state law claims
15 against Defendant Brouhard be dismissed with prejudice for failure to allege compliance with the
16 Government Claims Act." (*Id.* at 15.)

17 Plaintiff filed objections to the Findings and Recommendations and indicates an "Article
18 III Judge [is] demanded." (Doc. 95 at 1, emphasis omitted.) Plaintiff asserts that "the court
19 egregiously and erroneously dismissed the case" and he "objects to the magistrates [sic]
20 recommendation in its entirety." (*Id.*) According to Plaintiff, the record in this action shows
21 "blatant biased and prejudicial treatment by this court against his case from the onset." (*Id.*) He
22 contends the "bias and prejudice against pro-se litigants is comparable to the treatment of Black
23 people in the 50s as second class citizens." (*Id.* at 3.) He reports an intent to appeal and submit
24 "a civil and criminal complaint against the officers of this court in the form of Petition of
25 Grievance and Remonstrance to the United States Congress. (*Id.* at 1-2.) Plaintiff concludes the
26 Court should reconsider its findings and "reinstate this case immediately." (*Id.* at 4.)

27 As an initial matter, Plaintiff is informed the action was previously assigned to a district
28 judge, who was appointed under Article III. The Findings and Recommendations are subject to

review by the assigned district judge pursuant to 28 U.S.C. § 636(b)(1), which requires the judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

More importantly, Plaintiff does not address the specific findings of the magistrate judge, or the legal bases for the findings. Plaintiff's objection to the Findings and Recommendations "in its entirety" is not a proper objection to the Court. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) (holding general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

To the extent Plaintiff asserts he has suffered bias due to his status as a *pro se* litigant, he appears to base his assertion on his disagreement with the Court's rulings in this action. A showing of bias requires an extra-judicial source for bias, and the Court's "conduct or rulings made during the course of the proceeding" alone will not support a determination of bias warranting recusal. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381 (9th Cir. 1988); *see also Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source"). Because Plaintiff has expressed only disagreement with the Court's rulings in this proceeding and nothing more, he fails to show bias.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings related to the sufficiency of the pleadings and recommended dismissal of Plaintiff's federal claims are supported by the record and proper analysis. However, the Court notes the magistrate judge recommended Plaintiff's state law claims be dismissed with prejudice for his failure to comply

with the Government Claims Act.  The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. *See* 28 U.S.C. § 1367(c)(3).  Moreover, a plaintiff's failure to file a claim under the Act deprives this Court of jurisdiction to hear those claims. *See Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224-25 (E.D. Cal. 2009).  Because the Court lacks subject matter jurisdiction over the state law claims, the claims must be dismissed *without* prejudice.  *See Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017) ("dismissal for lack of subject matter jurisdiction is without prejudice"); *Les Shockley Racing v. Nat'l Hot Rod Assoc.*, 884 F.2d 504, 509 (9th Cir. 1989) ("When … the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice").  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued December 20, 2024 (Doc. 94) are adopted in part.
2. Defendant Melissa Brouhard's motion to dismiss (Doc. 86) is granted.
3. Plaintiff's third amended complaint is dismissed without further leave to amend.
4. Plaintiff's Section 1983 claims against are dismissed with prejudice for failure to state a claim.
5. Plaintiff's claims concerning the duration of his confinement and underlying conviction are dismissed without prejudice to later filing a petition for writ of habeas corpus.
6. Plaintiff's state law claims against are dismissed without prejudice for lack of jurisdiction.
7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 12, 2024**__

UNITED STATES DISTRICT JUDGE

4